FILED
2010 Jul-12  PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| LARRY D. HUMPHRIES, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 4:09-CV-0798-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff, Larry Humphries ("Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB").   Mr. Humphries timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Humphries was fifty-seven years old at the time of the

Administrative Law Judge's ("ALJ's") decision, and he has a ninth grade education, along with a GED.  (Tr. at 25, 258.)  His past work experience includes employment as a water treater at a steel plant and as a general contractor.  *Id*. at 258, 262.  Mr. Humphries claims that he became disabled on March 1, 2002, due to pain, lung disease, hypertension, asbestosis, sleeping problems, numbness in his hands, degenerative disc disease, and chronic obstructive pulmonary disease ("COPD").  (Tr. at 21, 97, 256.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.   20 C.F.R. § 404.1520(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on

the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. § 404.1520(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  (*Id.*)  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order

to determine if he or she can do other work.  20 C.F.R. § 404.1520(a)(4)(v).

If the claimant can do other work, the claimant is not disabled.  *Id*.

Applying the sequential evaluation process, the ALJ found that Mr.

Humphries "last met the insured status requirements of the Social Security

Act on June 30, 2004."  (Tr. at 23.)   He further determined that Mr.

Humphries had not engaged in substantial gainful activity since the alleged

onset of his disability through June 30, 2004, his date last insured.  *Id*.

According to the ALJ, Plaintiff had the "following severe combination of

impairments: chronic obstructive pulmonary disease, possible asbestosis,

disorders of the back including cervical disc disease, knee pain probably due

to mild arthritis, shoulder pain, possible carpal tunnel syndrome, mild to

moderate generalized anxiety disorder, and depressive disorder not

otherwise specified." *Id*. 23-24.  However, he found that these impairments

neither met nor medically equaled any of the listed impairments in 20 CFR

Part 404, Subpart P, Appendix 1.  *Id*. at 24.  The ALJ determined that Mr.

Humphries had the residual functional capacity to

> perform a significant range of light work: he can sit
> approximately six hours in an eight-hour day, stand

> and walk approximately six hours in an eight-hour day, but must work in an environment that is free of dusts, fumes, gases, and has a temperature and humidity controlled atmosphere, and is unable to work around unprotected heights or dangerous moving equipment. . . . cannot climb ladders, ropes, or scaffolds, but can frequently balance, stoop, kneel, crouch, crawl, climb ramps and stairs, use hands to grasp and handle objects and perform fine manipulation. . . . requires jobs that can be performed with moderate pain and its moderate effect on the ability to concentrate. . . . can do simple, not complex tasks, and contact with others needs to be casual.

*Id*.

The ALJ then determined Plaintiff was not capable of performing past relevant work through the date last insured. (Tr. at 28.) However, based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there are a significant number of jobs in the national economy Plaintiff can perform. *Id*. at 29. Based on the testimony of a vocational expert ("VE"), these jobs include work as a material handler (2,000 jobs in Alabama), machine tenders (3,000 jobs in Alabama), and night guards (2,000 jobs in Alabama). *Id*. Accordingly, the ALJ entered a finding that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time from

[March 1, 2002], the alleged onset date, through June 30, 2004, the date last insured." *Id.* at 30.

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Robinson v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo*

*v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Mr. Humphries alleges that the ALJ's decision should be reversed because it is not supported by substantial evidence and applicable law for two reasons.  (Doc. 8 at 5-11.)  First, Plaintiff claims the ALJ "failed to properly credit the Plaintiff's testimony of disabling pain."  *Id.* at 5.  Second, Plaintiff contends the ALJ "failed to properly consider the cumulative effect of the Plaintiff's impairments."[1]  *Id.*

---

[1]

In the conclusion of Plaintiff's brief, Plaintiff states he is entitled to remand because "[t]he ALJ improperly discounted Humphries' testimony of pain and failed to

A.     Subjective Complaints of Pain.

Plaintiff contends the ALJ "improperly discounted [his] testimony of pain." (Tr. at 12.)  To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

The ALJ is permitted to discredit Claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must

---

fully and fairly develop the record." (Doc. 8 at 12.)  As Plaintiff made no other references in his argument to the ALJ's alleged failure to fully and fairly develop the record, this Court will assume Plaintiff was referring to his contention that the ALJ failed to properly consider the combined effects of his multiple impairments.  Regardless, it is apparent from the discussion that follows concerning Plaintiff's subjective complaints of pain and the ALJ's consideration of Plaintiff's combined impairments that the ALJ fully and fairly developed the record. *See infra* pp. 8-16.

carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). In *Dyer*, the Eleventh Circuit held that the ALJ properly applied the *Holt* standard when he considered the claimant's daily activities, frequency of his symptoms, and the types and dosages of his medications, to conclude that the claimant's subjective complaints were inconsistent with the medical record. *Id*. at 1212. "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id*. (internal quotations omitted).

In the instant case, the ALJ found that Plaintiff's "medically determinable impairments could have been reasonably expected to produce some of the alleged symptoms." (Tr. at 25.) However, he further determined that Plaintiff's statements "concerning the intensity, persistence

and limiting effects of these symptoms are not entirely credible." *Id*.

In making his decision, the ALJ considered the opinions of several of Plaintiff's physicians, including Dr. Henry Born and Dr. Morton Rickless, in addition to Plaintiff's testimony. (Tr. at 26-28.) Dr. Henry Born examined Plaintiff on November 6, 2002. *Id*. at 26, 179-82. Based on X-rays, Dr. Born determined Plaintiff's heart was "modestly enlarged", his lungs were "hyperinflated with *minimal* interstitial fibrotic changes, and he had "*minimal* degenerative changes" to his lumbosacral spine. *Id*. at 26, 181 (emphasis added). Dr. Born diagnosed Plaintiff with chronic obstructive pulmonary disease secondary to smoking, possible asbestosis, recurrent neck pain, and possible cervical neuropathy. *Id*. However, through examination and testing, Dr. Born also found that while Plaintiff had moderately decreased breath sounds, there were no rhonchi or rales; although his heart was enlarged, his heart had regular rate and rhythm without murmur; his muscle strength in both upper and lower extremities was intact with no evidence of atrophy; his grip strength was normal with no weakness; gait was normal and Plaintiff had the ability to walk on heels and toes and squat and rise without difficulty; there was normal range of motion in Plaintiff's neck,

shoulders, cervical spine, hips, and knees; and his straight leg raising was negative to 60 degrees bilaterally, with no evidence of swelling or tenderness in any joint. *Id*. at 27, 181. The ALJ found Dr. Born's opinion to be supported by objective x-ray results, as well as the doctors own examination and testing of Plaintiff, and consistent with the record as a whole. Therefore, the ALJ gave Dr. Born's opinion "significant weight." *Id*. at 27.

The ALJ also gave "significant weight" to the opinion of Dr. Morton Rickless, who examined Plaintiff on March 23, 2003.[2] (Tr. at 27.) Through X-rays, Dr. Rickless determined that Plaintiff's spine was well aligned but that he had diffuse lumbar disease with arthritis, there was evidence of acromioclavicular arthritis bilaterally in his shoulders, and evidence of cervical disc disease with disc space narrowing and possible spondylolisthesis at C5. *Id*. at 26, 210. Dr. Rickless's final assessment was that Plaintiff suffered from "(1) cervical disc disease, (2) low back pain, probable musculoskeletal, (3) knee pain, probably secondary to mild arthritis, (4) shoulder pain, possibly secondary to cervical disc disease and to arthritis,

---

[2]*See supra* pp. 4-5 for Plaintiff's RFC which the ALJ based largely on Dr. Rickless's opinion.

and (5) may have carpal tunnel syndrome." *Id*.

Despite these conclusions, Dr. Rickless's exam revealed that Plaintiff had normal gait, could stand on his heels and toes, and could squat. Plaintiff had "no limitation in range of motion found in any part of the body, including the shoulders, arms, back, hips, knees, and ankles. Muscle strength in all muscle groups was intact at 5/5. Straight leg raising in both the seated and supine positions was negative bilaterally. There was no evidence of swelling, edema, spasm, or tenderness." (Tr. at 27, 209.) Although Plaintiff had decreased sensation in the tips of his thumb, index, and long finger, and Dr. Rickless found him to suffer from arthritis in his lumbar spine and shoulders, Dr. Rickless determined Plaintiff was able to work with his hands. Further, while Plaintiff testified that he reclines two-thirds of a 24-hour day, his wife does the chores, and he does no yard work (Tr. at 25), Plaintiff informed Dr. Rickless that he "did odd jobs around the house, he mowed the lawn, and he was currently laying ceramic tile in his home bathroom" (a task which Dr. Rickless determined was a "reasonably strenuous job involving bending, squatting, crawling, using his hands, etc."). *Id*.

Based on the fact that Dr. Rickless is "a specialist in the field of orthopedic medicine who performed his own examination and testing of the claimant", and because his findings were supported by the doctor's own findings and objective x-ray results, as well as being consistent with the record as a whole, the ALJ determined Dr. Rickless's findings were entitled to "significant weight."  *Id*. at 27.

In addition to the records of Dr. Born and Dr. Rickless, the ALJ considered the records of Dr. Jack L. Bentley, who performed a psychological evaluation of Plaintiff on March 22, 2004.  (Tr. at 26, 200-04.)  Although Dr. Bentley diagnosed Plaintiff with "depressive disorder, not otherwise specified, and generalized anxiety disorder, which he rated as mild to moderate", Plaintiff never received medical treatment for either condition. *Id*.  Equally important is the fact that Plaintiff informed Dr. Bentley that he walks in his yard during the day, enjoys planting flowers with his wife, and his primary hobby is deer hunting.  *Id*. at 201.  These activities are contrary to Plaintiff's testimony that he does no yard work and  the grip in his right hand is poor.  *Id*. at 25.

Based on the medical records of evidence, it is clear the ALJ properly

discounted Plaintiff's allegations of pain.

B.    Combination of Impairments.

Plaintiff next contends the ALJ failed to properly consider the combined effects of his multiple impairments.  (Tr. at 6.)  Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined effect of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523; *see also Swindel v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).  When there is a combination of impairments, the claimant may be found disabled even though none of the individual impairments, including pain, is disabling.  *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

The Eleventh Circuit has held that an ALJ's statement that:

> [B]ased upon a thorough consideration of all evidence, the ALJ
> concludes the appellant is not suffering from any impairment, *or
> combination of impairments* of sufficient severity to prevent him
> from engaging in any substantial gainful activity for a period of
> at least twelve continuous months

is sufficient evidence of proper consideration of the claimant's combined

impairments. *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1987). *See

also Jones v. Department of Health and Human Serv's*, 941 F.2d 1529, 1553

(11th Cir. 1991) (holding that ALJ's statement that though claimant "'has

severe residuals of an injury' he does not have 'an impairment or

combination of impairments listed in, or medically equal to one listed in

Appendix 1, Subpart P, Regulation No. 4'" to be sufficient evidence of

combined impairment consideration).

In the instant case, the ALJ stated, "[n]o examining or treating medical

source has reported that the claimant has an impairment that medically

equals the criteria of a listed impairment. . . . the claimant did not have an

impairment or combination of impairments that met or medically equaled

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."

(Tr. at 24.)  This language alone is sufficient to demonstrate that the ALJ

properly considered Plaintiff's combined impairments. *See Wheeler*, 784 F.2d 1076 and *Jones*, 941 F.2d 1553.  Further, it is also clear from the ALJ's examination of the medical records of evidence, including those discussed above of Dr. Born, Dr. Rickless, and Dr. Bentley, that the ALJ properly considered all of Plaintiff's impairments and combination of impairments.

IV.    Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner will be affirmed by separate order.

Done this <u>12th</u> day of <u>July 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671